# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.  No. 16-cr-107-1

GABRIEL ROSAS

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., a detention hearing was held in this case pursuant to 18 U.S.C. § 3142(f) to determine whether there are conditions of release that will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. This order is a summary of the Court's findings of fact and conclusions of law stated more fully on the record during that hearing.

### PART I -- FINDINGS OF FACT AND CONCLUSIONS OF LAW

[✓] **A. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Previous violator): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. This presumption exists because the following conditions are met:

(1) the defendant is charged in a case that involves:

(a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(b) an offense for which the maximum sentence is life imprisonment or death;

(c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46; or

(d) any felony if the person has been convicted of two or more offenses described in paragraphs (1)(a)-(c) above, or two or more state or local offenses that would have been offenses described in paragraphs (1)(a)-(c) if federal jurisdiction had existed, or a combination thereof; and

(2) the defendant has been convicted of a Federal offense that is described in paragraph (1)(a)-(d) above, or of a State or local offense that would have been such an offense if a circumstances giving rise to Federal jurisdiction had existed; and

(3) the offense described in subparagraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

(4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in subparagraph (2) above, whichever is later.

[✓] **B. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Narcotics/firearm other offenses): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ (1) an offense for which a maximum term of imprisonment is ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

☐ (2) an offense under 18 U.S.C. § 924(c), 956(a), or 2332b;

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5) for which a maximum term of imprisonment of 10 years or more is prescribed; or

☐ (4) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

☑ The defendant has not rebutted the presumption. Therefore, the defendant must be detained pending trial because it is statutorily presumed that no condition or combination of conditions can be imposed that will reasonably assure (i) the safety of any other person and the community, because of the conditions described in paragraph (A) above, or (ii) the appearance of the person as required and the safety of the community, because of the conditions described in paragraph (B) above.

☐ The defendant has rebutted the presumption.

☑ **C. Section 3142(g) Analysis:** The Court considered the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of the offense charged; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Based upon the information presented and the factors considered, the Court has determined that the defendant must be detained pending trial because:

☑ The government has proved by clear and convincing evidence that the defendant is a danger to the community and that no condition or combination of conditions of release would reasonably assure the safety of the community.

☑ The government has proved by a preponderance of the evidence that there is a serious risk that the defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required.

## PART II – STATEMENT OF REASONS FOR DETENTION

The Court provided a detailed statement of the reasons for detention in open court at the conclusion of the detention hearing with reference to the factors set forth in 18 U.S.C. § 3142(g). **In the event that the defendant seeks review of this order of detention, the defendant must obtain a transcript of the Court's ruling and attach it to this order.** The reasons for detention included without limitation, the following:

☑ Lack of stable employment

☑ Prior criminal history

☑ Lack of significant community or family ties in the Northern District of Illinois

☑ Existence of significant family or other ties outside the United States

☑ History of alcohol or substance abuse

☑ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☑ Facing lengthy period of incarceration if convicted

☐ Facing deportation after serving any period of incarceration

- [ ] Past use of alias names
- [x] Weight of evidence against the defendant is strong
- [x] History of violence or use of weapons
- [x] Engaged in criminal activity while on probation, parole, or supervision

OTHER REASONS OR FURTHER EXPLANATION:

In addition to the matters discussed on the record during the hearing on April 8, 2016, the Court notes the following:

(1) The United States Customs and Border Protection website states that U.S. citizens entering this country by land are required to present particular documentation at the border, such as a U.S. passport or passport card, an enhanced driver's license, a global entry card, military identification or merchant marine identification. See https://help.cbp.gov/app/answers/detail/a_id/74/noIntercept/1/session/L3RpbWUvMTM4OTgxMTU5MC9zaWQvdV94eW9zS2w%3D (last visited 4/11/16). As far as the Court is aware from publicly available information, Illinois does not issue enhanced driver's licenses. The Court noted during the hearing that it did not find credible Mr. Rosas's statement that he left and re-entered the United States at the Mexican border 3 times in 2015 over a foot-bridge by presenting only his Illinois driver's license to border patrol authorities. However, even if Mr. Rosas was able to re-enter the United States using only his Illinois driver's license, that would not change the Court's analysis of the 3142(e) presumption, the 3142(g) factors or the mitigating conditions offered by the defense for the reasons stated on the record. Moreover, Mr. Rosas's credibility also was brought into question, as discussed on the record, by his misrepresentation concerning the current status and seriousness of his medical condition.

(2) Mr. Rosas appeared at all court hearings in this case after his initial appearance using a wheelchair. His counsel referenced an unspecified "spinal condition" and Mr. Rosas's proclivity for "dizziness" as the reason he was using a wheelchair. No other information or evidence was presented by either party concerning these conditions, whether they have been diagnosed by a doctor or not, how serious they are, whether they require the use of a wheelchair, whether they can be treated while Mr. Rosas is in custody, etc. In addition, no information was provided about whether the second floor, third party residence proposed as the location to which Mr. Rosas would be released is wheelchair accessible (i.e., doorways, hallways, bedroom, bathroom, kitchen) or would need to be so to accommodate Mr. Rosas if he continues to need to use a wheelchair. Therefore, the Court did not consider the nature or seriousness of these conditions, or make a determination one way or another whether they even exist, in its analysis of the factors bearing on detention or release in this case since it had no hard information about them.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is remanded to the custody of the United States Marshal or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should the defendant appeal this detention order, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

IT IS FURTHER ORDERED that if the defendant seeks to be released to a third party, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATE: April 11, 2016

United States Magistrate Judge