UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 16 CR 107 |
| v. | ) | Honorable Andrea R. Wood |
| | ) | |
| GABRIEL ROSAS, | ) | |
|     Defendant. | ) | |

**DEFENDANT GABRIEL ROSAS' MOTION FOR PRODUCTION OF THE CONFIDENTIAL INFORMANT FILE**

NOW COMES GABRIEL ROSAS, by and through his attorney, Quinn A. Michaelis, pursuant to Rule 16(a)(1)(c) of the Federal Rules of Criminal Procedure and the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), and moves this Court for an order directing the Government to produce the confidential informant file of the informant used in the investigation of Gabriel Rosas. The defense seeks this information because it is material to the preparation of the defense.

The defense requests the Court to order the government to produce the following information as set forth below:

1) The case number, jurisdiction, and name of the prosecutions in which the confidential informant utilized in this case has previously been utilized as a cooperating witness.

2) The case names, numbers and jurisdictions of any trials or evidentiary hearings at which the confidential informant has testified as a witness for the government.

3) Any ledger, sheet, or other document, which details the sums paid by the government to the confidential informant or his family in this case or any other case.

4) Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promise of immunity, leniency, preferential treatment or other inducements made to the cooperating witness or a family member, friend or associate of the informant in exchange for the informant's cooperation. This includes the dismissal or reduction of charges, assisting in matters of sentencing or deportation, promises of monetary payments or eligibility for any award or rewards.

5) Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation or exclusion by ICE) made by any law enforcement entity to the confidential informant. Please provide circumstances regarding any implied or actual threats to remove the informant and his/her family members from Witness Protection.

6) Any statement made, information or document provided by the informant that conflicts in part or in while with: (a) the statement of another prospective witness, (b) a prior statement made by the same informant with regard to the subject matter of the expected trial testimony. This request includes any statement made by any law enforcement agent or prosecutor during the preparation for trial.

7) Any report, document or information that details the criminal activities of the informant that were undertaken by him without authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute.

8) Information concerning misconduct by the informant in the performance of his role as an informant including: any refusal of the informant to testify for or assist the government; any allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and any refusal by any law enforcement agency to use the witness as a confidential informant.

9) Information concerning misconduct by the informant other than in his role as an informant, including misconduct that reflects a lack of candor, truthfulness or law abiding character of the informant, such as uncharged criminal conduct or fraud. Such information includes events before, during and after the witness involvement as an informant.

10) All information, records and transcripts which in any way indicate or reveal that the confidential informant provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to:
    a. Any state or federal law enforcement officer or agency;
    b. Any state or federal grand jury; and
    c. Any state or federal trial court while testifying at trial and/or nay related or preliminary proceedings

11) Information reflecting the nature and extent of assets obtained by the informant in connection with his illegal activities over the last ten years.

12) Any "records" maintained by the law enforcement agencies that relate to the confidential informant, including:
    a. Code names;
    b. Assumed/false identities;
    c. Reasons for cooperation;
    d. A debriefing report or outline of what type of cases he might produce;
    e. Whether he has been briefed on entrapment;
    f. Whether he has a contract executed with a law enforcement agency;
    g. Any release forms executed by the witness;
    h. Records revealing the witness was advised to pay Federal Income Taxes;
    i. Records advising that he could not violate the law;
    j. Records which require him to protect his false identity;
    k. Records that the witness cannot use any illegal drugs; and
    l. Records that the witness consented to recording any conversation with any party.

13) The results of any polygraph examination performed on the confidential informant, as well as any information concerning the refusal of the informant to submit to a polygraph examination. Such information shall include, but not limited to written, oral and summaries of statements made by the witness during the test, polygraphs and any other documentation generated in connection with such polygraph examination.

14) All information and records revealing any potential impairment of the capacity of the informant to observe, recollect and testify about the events, giving rise to the charges filed in this case, including impairments of sight, hearing, memory, language, or any other physical or psychological disability.

15) All information and records indicating that the informant (a) may have suffered from any mental or emotional disease, disorder, illness or defect at any time during the time span alleged in the indictment filed in this case, or (b) sought or received treatment for any such mental or emotional disease, disorder, illness or defect at any time in the past five years.

16) All information and records indicating that the informant (a) may have used cocaine, marijuana, another controlled substance or abused alcohol at any time during the time span alleged in the indictment in this case, or (b) sought or received treatment for any substance abuse problem at any time within the last five years. Also provide any information or records indicating the informant may have used a controlled substance or abused alcohol after being enrolled

or accepted as a confidential informant, or as a witness for the government, i.e. "dirty urine screens."

17) All records for the informant from the United States Bureau of Prisons, Probation Department, or any relevant State Parole-Probation Department. Please provide any Pre-Sentence Investigation report filed in any case in which the informant was a defendant.

18) Any correspondence between the confidential informant and any state or government entity including criminal courts, wherein the informant's witness status or potential witness status was discussed.

19) All reports and other discovery materials as requested herein that relate to criminal activity or other conduct that gave rise to the informant's enrollment as a confidential informant, i.e., the police reports of any case that the informant is now working off.

20) All applications for sentencing reconsideration or modification of sentences, motions for withdrawal or pleas, or Rule 35 motions for the confidential informant. Any plea agreement signed by any government witness in conjunction with this case. Please also provide any reports that reflect debriefings of the informant in this case. This request includes any proffer letter that was transmitted to the informant.

21) All law enforcement internal memorandum or documents, relating to the confidential informant in the instant case.

22) All letters of recommendation from a prosecutor, or law enforcement official that describes or references the informant's cooperation in this case.

23) Evidence relating to the informant's failure to identify any of the defendants in this case.

WHEREFORE, the Defendant respectfully requests an Order directing the government to disclose the confidential informant file for the confidential informant used in the investigation against GABRIEL ROSAS.

Respectfully submitted,

/s/Quinn A. Michaelis

Quinn A. Michaelis
Attorney For GABRIEL ROSAS
73 W. Monroe, Suite 106
Chicago, Illinois 60603
312-714-6920

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2019, I electronically filed the above

**DEFENDANT MOTION FOR PRODUCTION OF THE CONFIDENTIAL INFORMANT FILE**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on May 3, 2019

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney For Gabriel Rosas
73 W. Monroe, Suite 106
Chicago, Illinois 60603
312-714-6920