UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 16 CR 107 |
| v. | ) | |
| | ) | Honorable Andrea R. Wood |
| GABRIEL ROSAS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PRODUCTION OF THE CONFIDENTIAL INFORMANT FILE**

The United States of America by its attorney, John R. Lausch Jr., United States Attorney for the Northern District of Illinois, respectfully files its response to defendant's motion for production of the confidential informant file. In support whereof, the government states as follows:

Introduction and Background

On or about March 24, 2016, a grand jury returned an indictment charging Gabriel Rosas with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1) (Counts One and Two), and distribution of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Count Three).[1] (R.15). The charges in the indictment, as set forth in the complaint in this matter, arose from controlled purchases of narcotics and firearms from the defendant by a confidential source who, unbeknownst to the defendant, was working with law enforcement at the time of the transactions. (R. 1, 15). The transactions were

---

[1] The Court ordered the defendant detained pending trial. (R. 30). According to the Northern District of Illinois Docket, defendant, in addition to his current counsel, has been represented by two prior counsels of record in this case. (R. 7, 49, 109).

audio and video recorded, and these recordings have been disclosed to the defendant in discovery. At this time, it is the government's intention to introduce these recordings at trial through a federal agent involved in each transaction, specifically, an agent who was present for when the audio-video recording devices were activated and deactivated before and after each transaction.[2]

The defense recently filed a motion for production of the confidential informant file in this case. (R. 117, 118). The motion specifically lists 23 separate requests for information that the defense asks the government to produce regarding the confidential source, including records that would immediately reveal the identity of this individual. *Id.* For the reasons set forth below, the motion for production of the confidential informant file should be denied.

<u>Law and Analysis</u>

It is beyond dispute that no party (*including a defendant in a criminal case*) may call a witness simply to impeach him or her, or lodge accusations against the witness without a good faith basis that the witness's testimony will *assist* the calling party. *See United States v. Giles*, 246 F.3d 966, 974 (7th Cir. 2001); *United States v.*

---

[2] Numerous cases recognize that the foundation for recordings may be provided circumstantially through evidence that the events discussed on the tapes in fact occurred and that the purported speakers on the recordings in fact participated in those events. *See e.g., United States v. Restrepo*, 814 F.2d 1236, 1239 (7th Cir. 1987) (circumstantial evidence may be used to authenticate recordings); *United States v. Emerson*, 501 F.3d 804, 814-15 (7th Cir. 2007) (affirming admission of recorded conversation through law enforcement testimony where law enforcement officers testified as to the accuracy of the recording but did not listen to the recorded conversation in real-time); *United States v. Tolliver*, 454 F.3d 660, 668 n.4 (7th Cir. 2006) (agent testified he supervised the recordings and each tape was a true and accurate recording of each conversation, and "[a]s such, the government adequately authenticated each tape.").

*Finley*, 708 F.Supp. 906, 909 (N.D. Ill. 1989) ("[A] party may not call a witness for the sole purpose of impeaching him.") (citing *United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984)). The Supreme Court has acknowledged the discretion of the trial court to preclude or limit cross-examination. Indeed, the Supreme Court has spoken plainly on this principle: "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Illinois v. Taylor*, 484 U.S. 400, 410 (1988).[3]

The government has "a limited privilege to withhold the identity of a confidential informant from a criminal defendant." *United States v. Wilburn*, 581 F.3d 618, 622-23 (7th Cir. 2009) (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957)). The privilege belongs to the government, supporting the interests of effective law enforcement and allowing the government to withhold the identities of persons furnishing information to it. *Roviaro*, 353 U.S. at 62 (1957). "The underlying concern of this doctrine is the common sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation." *United States v. Herrero*, 893 F.2d 1512, 1525 (7th Cir. 1990); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993) ("The privilege recognizes the

---

[3] *See also Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986):

> [T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. And as we observed earlier this Term, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.") (citing *Roviaro*, 353 U.S. at 59). The privilege exists as a matter of right, and the government need not make any threshold showing in order to seek its protection. *Herrero*, 893 F.2d at 1525; *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996).

The privilege, however, is not absolute and a defendant may overcome the informer's privilege where, for example and similar to the law related to calling a witness for the purposes of impeachment, the testimony "may be *relevant* and *helpful* to the accused's defense." *Roviaro*, 353 U.S. at 64-65 (emphases added). A defendant must articulate a good faith basis for calling an informant to the witness stand. *United States v. Davis*, 673 F.Supp. 252, 259 n.13 (N.D. Ill. 1987). The Seventh Circuit has held that a defendant must "establish a genuine need for disclosure before disclosure should be ordered." *United States v. Andrus*, 775 F.2d 825, 842 (7th Cir. 1985); *United States v. Tucker*, 552 F.2d 202, 209 (7th Cir. 1977). Defendant bears the burden to show that the information outweighs the public's interest in the protection of the privilege. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994) (providing that a defendant bears the burden to overcome the confidential informant privilege "in the face of an assumption that the privilege should apply").

The government has not decided whether the confidential source will be called as a witness in this case and, to date, the defendant has made no affirmative representation that he intends to call the confidential source as a witness. Short of

4

stating that the information from the confidential informant file is "material to the preparation of the defense," the defendant provides little or no explanation as to how or why such information is relevant or helpful to his still unidentified defense or defenses.[4] (R. 117; 118). The defendant has not clearly delineated the reasons he seeks the privileged information related to the confidential source, nor has he articulated a good faith, non-impeachable basis for calling the confidential source at trial. *Andrus*, 775 F.2d at 842; *Tucker*, 552 F.2d at 209. Instead, the defense generally indicates that the specific information sought may be helpful for impeachment and cross-examination of potential witnesses whether or not the confidential source ever testifies. *Id*. Accordingly, requiring the government to turn over such information, when the confidential source may not even testify in these proceedings, is premature at this time.

While the defense recognizes the *Roviaro* privilege in their motion, the defense argues the confidential informant file should nonetheless be produced under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). (R. 117–18). The government acknowledges its obligation to comply with *Brady and Giglio*, and will continue to do so in this case. The government's acknowledgement to comply in such regard is a sufficient basis to deny the defendant's request for the same. *See United States v. Dean*, No. 09 CR 446, 2010 WL 706038, at *1 (N.D. Ill.

---

[4] Based on conversations with defense counsel since the instant motion was filed, the government anticipates that defendant Rosas may argue that the confidential informant's testimony is relevant to establishing a defense of entrapment. If the defense files a motion in that respect or based on another defense, the government respectfully requests the opportunity to further respond to how such motion or motions may impact the instant motion for production of the confidential informant file.

5

Feb. 24, 2010) (Der-Yeghiayan, J.) ("The Government indicates that it has fully complied with *Brady* and *Giglio* and will continue to do so. Dean and Daniels have not shown that the Government has failed to comply with *Brady* or *Giglio* and therefore, we deny the motions as moot."); *United States v. Thomas*, No. 06 CR 684, 2007 WL 2076029, at *1 (N.D. Ill. July 12, 2007) (Manning, J.) ("Based upon the government's commitment to fully discharge its obligations under *Brady/Giglio* and produce the documents to which the defendants are entitled, Tiger and Thomas' motions are denied as moot."); *United States v. Silesia Flavorings, Inc.*, No. 03 CR 851, 2004 WL 419904, at *6 (N.D. Ill. Mar. 1, 2004); *United States v. Grossman*, No. 02 CR 678, 2003 WL 22432946, at *2 (N.D. Ill. Sept. 23, 2003) (Bucklo, J.) ("The government's assurance that it will comply with disclosure requirements is generally sufficient to moot a motion obliging it to do so."); *United States v. Benavides*, No. 93 CR 507, 1993 WL 394760, at *1 (N.D. Ill. Oct. 1, 1993) (Plunkett, J.) (providing that "[the government has [] represented that it will turn over all Giglio material at least a week prior to trial" and "[t]his court and others [in the Northern District of Illinois] have repeatedly held that where the government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient") (collecting cases in accord); *United States v. Alex*, 791 F.Supp. 723, 729 (N.D. Ill. 1992) (providing that, based on the fact that "the government has promised to produce all impeaching information within the scope of *Giglio*" one week before trial, "the government's promise to comply with the dictates of Brady renders [the defendant's] motion moot") (Alesia, J.). If the government decides to call the confidential source at trial, it will make the proper

disclosures of any *Giglio* information related to that witness prior thereto. Furthermore, as the Seventh Circuit has noted, "[t]here is no categorical rule that the government must produce its confidential informant to testify against a defendant." *United States v. Gaytan*, 649 F.3d 573, 581 (7th Cir. 2011). Therefore, for the reasons set forth above, the motion for production of the confidential informant file should be denied at this time.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     s/*William Dunne*
WILLIAM DUNNE
TIMOTHY J. STORINO
Assistant U.S. Attorneys
219 South Dearborn, Room 500
Chicago, IL 60604
(312) 353-5300

Dated: June 20, 2019

7